## H. M. O. LUMBER CO. et al. v. UNITED STATES.

District Court, W. D. Michigan, S. D.

Nov. 12, 1929.

Oscar E. Waer, of Grand Rapids, Mich., for plaintiffs.

Louis H. Grettenberger, Asst. U. S. Dist. Atty., of Grand Rapids, Mich.

RAYMOND, District Judge.

This matter is before the court upon motion to dismiss, the ground of the motion being, in substance, that the plaintiffs Edwin Owen and William J. Breen are not the proper parties to bring suit because of the provisions of section 3477, Rev. St. (31 USCA § 203). The first paragraph of the declaration is as follows: "H. M. O. Lumber Company, a Michigan corporation, and Edwin Owen and William J. Breen, as Assignees of H. M. O. Lumber Company, by Oscar E. Waer, their attorney, complain of the United States of America, which has been summoned to answer of a plea of trespass on the case upon promises."

The declaration further alleges: "Plaintiffs further say that on or about June 1, 1927, said H. M. O. Lumber Company duly transferred and assigned all of its right, title and interest in and to its claim against the United States because of the payment of said taxes, to Edwin Owen and William J. Breen, two of the above named plaintiffs, *who are now the owners of and have the right to sue for and collect the same.*"

The purpose and effect of section 3477 was fully discussed in the case of Spofford v. Kirk, 97 U. S. 484, 488, 24 L. Ed. 1032, where it was said: "We are brought, then, to the inquiry whether such an assignment of a claim against the United States, made before the claim has been allowed, and before a warrant has been issued for its payment, has any validity, either in law or in equity. The act of Congress approved Feb. 26, 1853 (10 Stat. 170), entitled 'An Act to prevent frauds upon the treasury of the United States,' re-enacted in sect. 3477 of the Revised Statutes, declares that all transfers and assignments thereafter made of any claim upon the United States, or any part or share thereof or interest therein, whether absolute or conditional, and all powers of attorney, orders, or other authorities for receiving payment of any such claim, or any part or share thereof, shall be absolutely null and void, unless the same shall be freely made and executed in the presence of at least two attesting witnesses after the allowance of such claim, the ascertainment of the amount due, and the issuing of a warrant for the payment thereof. It would seem to be impossible to use language more comprehensive than this. It embraces alike legal and equitable assignments. It includes powers of

attorney, orders, or other authorities for receiving payment of any such claim, or any part or share thereof. It strikes at every derivative interest, in whatever form acquired, and incapacitates every claimant upon the government from creating an interest in the claim in any other than himself."

Applying these principles to the declaration as filed, it seems clear that the motion to dismiss must be granted so far as it relates to the plaintiffs Owen and Breen.

In the brief filed by attorneys for plaintiffs, facts in addition to and contradictory of those set forth in the declaration are stated. From these it might be inferred either that plaintiffs Owen and Breen are trustees under an express trust for the stockholders of the H. M. O. Lumber Company or that they are agents of the H. M. O. Lumber Company and its stockholders. The practice of supporting a declaration upon argument of demurrer or motion to dismiss by a statement of further facts is one that, while apparently finding support in exceptional cases, ought not to be enlarged. Only by amendment can the averments of a declaration be modified or extended. In view of the provisions of section 11335 of the Compiled Laws of Michigan 1915, no good reason occurs to the court why this action may not be prosecuted by the H. M. O. Lumber Company as plaintiff, even though it was dissolved in June or July of 1927. The argument of the government that, because the H. M. O. Lumber Company is alleged to have assigned its claim, it therefore has no further interest in the case, cannot be sustained. In the case of Spofford v. Kirk, supra, at page 490 of 97 U. S., 24 L. Ed. 1032, it is said: "We cannot say, when the statute declares all transfers and assignments of the whole of a claim, or any part or interest therein, and all orders, powers of attorney, or other authority for receiving payment of the claim, or any part thereof, shall be absolutely null and void, that they are only partially null and void, that they are valid and effective as between the parties thereto, and only invalid when set up against the government."

It has been held that powers of attorney to collect claims upon the United States are revocable at will prior to the payment of the claims by the government. See Milliken v. Barrow (C. C.) 65 F. 888. There would seem to be no good reason why plaintiff H. M. O. Lumber Company may not repudiate an assignment which by reason of the provisions of the statute referred to is "absolutely null and void" and aver that it is the owner of the claim sued upon.

Plaintiff will be granted 20 days from the date of filing this opinion within which to amend its declaration in conformity herewith. Upon failure so to do an order will be entered granting the motion to dismiss.