HOLMSTROM, to Use of EFENBERG, v.
COMMISSIONER OF INTERNAL
REVENUE.

No. 6626.

Circuit Court of Appeals, Third Circuit.

Dec. 29, 1937.

John N. Landberg, of Philadelphia, Pa., for appellant.

S. Dee Hanson, of Washington, D. C., for appellee.

Before BUFFINGTON and BIGGS, Circuit Judges, and WATSON, District Judge.

BIGGS, Circuit Judge.

A petition has been filed with this court on behalf of Axel Holmstrom, to the use of Sophie (or Sophia) Efenberg, to review a decision of the Board of Tax Appeals determining deficiencies in individual income taxes and additional taxes for the calendar years 1920 to 1923, inclusive, due from Holmstrom as the taxpayer in the aggregate amount of $15,731.65.

In order to dispose of this controversy, we will treat the typewritten papers filed with the clerk of this court by the taxpayer-petitioner as fulfilling in substance the requirements of a record. The opinion of the Board of Tax Appeals, reported in 35 B.T.A. 1092, is made a part of such record, and that opinion is admitted by counsel for the petitioners as correctly setting out the facts of this case.

In its opinion the Board of Tax Appeals found, and on ample evidence, that the taxpayer-petitioner was a nonresident alien individual, an inventor who received income during the taxable years in question from the sale and licensing of machines embodying his invention, through the agency of a partnership in Philadelphia, Pa. The Board also found that the taxpayer-petitioner had filed no returns for the years involved.

It is obvious that, since the taxpayer-petitioner was not and is not an inhabitant of this or any other circuit and has filed no returns, this court has no jurisdiction of the cause, and an appeal from the decision of the Board of Tax Appeals lies solely to the Court of Appeals for the District of Columbia. Section 1002(a), Revenue Act of 1926, as amended by section 519(a), Revenue Act of 1934, 26 U.S.C.A. § 641(b).

Upon December 16, 1936, the taxpayer-petitioner executed an assignment to Sophie Efenberg, of Philadelphia, Pa., of his interest in any claim for refund of taxes due from the United States. She was not a party to the proceedings before the Board, and there is no showing that any cognizable interest in the case lies in her. See Spofford v. Kirk, 97 U.S. 484, 488, 24 L.Ed. 1032, discussing the purposes and effect of Section 3477 of the Revised Statutes, and H. M. O. Lumber Co. v. United States, D.C., 40 F.2d 544. Apparently it is urged upon us that, because Sophie Efenberg, an inhabitant of this circuit, has been named in the title of this cause on appeal, that the statutory provisions relating to the limitation of jurisdiction of this court referred to in the preceding paragraph are not applicable.

We cannot yield to this suggestion. Jurisdiction of an appeal cannot be conferred upon a Court of Appeals by assignment and the addition to the title of the cause of the name of a use-party who is an inhabitant of this circuit.

In view of this holding, it is unnecessary to pass upon any other question. The motion to dismiss the petition will be granted.